JOHANNES, Respondent, vs. THE STANDARD FIRE OFFICE (LIMITED) OF LONDON and another, Appellants.

*November 5 — November 22, 1887.*

*Insurance against fire: Ownership: Land contract.*

Plaintiff being in possession of land under a contract for its purchase, upon which he had made part payment and was not in default, applied for insurance upon a building and personal property which he had placed thereon. The policy was issued, but remained in the hands of the agent until after the plaintiff had completed his payment and received a deed.  Thereafter a loss occurred.  *Held,* that

the plaintiff's interest in the property was "the entire, unconditional, and sole ownership," within the meaning of a condition in the policy.

APPEAL from the Circuit Court for *Eau Claire* County.

Action upon a policy issued by the defendant *The Standard Fire Office,* insuring the plaintiff against loss or damage by fire to the amount of $1,650, from July 1, 1883, to July 1, 1886. Two hundred dollars of the insurance was upon a frame building, and the balance upon personal property. The risk was re-insured by the defendant *The Phenix Insurance Company.* An order overruling a demurrer to the complaint was affirmed by this court on a former appeal. See *Johannes v. Phenix Ins. Co.* 66 Wis. 50. The grounds of the defense to the action and the facts shown upon the trial will sufficiently appear from the opinion.

It was stipulated by the parties that the question whether the plaintiff, at the time he applied for the insurance, showed to the agent the land contract under which he held the premises, should be submitted to the jury, and that all other questions of law and fact should be tried and decided by the court. The jury answered the above question in the affirmative, and findings of fact and conclusions of law were duly made and filed by the court. From the judgment, in accordance with such findings, in favor of the plaintiff, the defendants appealed.

*Levi M. Vilas,* for the appellants, contended, *inter alia,* that at the time the policy was issued the plaintiff owed two thirds of the purchase money for the land; that he held the land, and the possession thereof, as a *tenant* of his vendor; that his interest was *conditional,* depending upon his prompt and full performance of all the terms and conditions of his contract; and that his interest was neither *sole* nor *entire,* since the vendor had an interest in the land and building to the extent of the unpaid purchase money. *Winslow v. Crowell,* 32 Wis. 639; *Hinman v. Hartford F.*

*Ins. Co.* 36 id. 159. The conditions of the policy are plain and reasonable and should be enforced. *Fuller v. M. M. Ins. Co.* 36 Wis. 599; *Ryan v. Springfield F. & M. Ins. Co.* 46 id. 671; *Garver v. Hawkeye Ins. Co.* 69 Iowa, 202; *Davis v. Iowa S. Ins. Co.* 67 id. 494; *Rohrbach v. Germania Ins. Co.* 62 N. Y. 47; *Van Schaick v. Niagara F. Ins. Co.* 68 id. 434; *Reynolds v. State M. Ins. Co.* 2 Grant (Pa.), 326; *Mers v. Franklin Ins. Co.* 68 Mo. 127; *Reaper City Ins. Co. v. Brennan*, 58 Ill. 158; *Southwick v. Atlantic F. & M. Ins. Co.* 133 Mass. 457; *Waller v. Northern Ass. Co.* 10 Fed. Rep. 232; *Columbian Ins. Co. v. Lawrence*, 2 Pet. 25; *S. C.* 10 id. 507. If the policy was void because of the conditions referred to, it was void when issued. It was enforceable then, and could not be validated by the act of the insured alone. May on Ins. (2d ed.), sec. 60; *Lightbody v. N. A. Ins. Co.* 23 Wend. 18; *Yonge v. Equitable L. A. Soc.* 30 Fed. Rep. 902; *Cuthbertson v. N. C. Home Ins. Co.* 96 N. C. 480.

For respondent there was a brief by *George C. Teall* and *Fred. A. Teall*, and oral argument by *Mr. George C. Teall.*

Cole, C. J. The defense is based upon alleged breaches of the conditions in the policy, which it is claimed exonerate the defendants from all liability for the loss. The policy provided it should be void if there was "any omission to make known every fact material to the risk," and "if the interest of the assured in the property be other than the entire, unconditional, and sole ownership of the property for the use and benefit of the assured, or if the building insured stands on leased ground, it must be so represented to the company and so expressed in the written part of the policy, otherwise the policy to be void." It is said the facts proven on the trial show a breach of these conditions. There is really no disagreement about the material facts of the case.

It appears that the plaintiff applied to the local agent of

the *Standard Company* for insurance about the 1st of July, 1883. At this time he had possession of the realty on which the building and insured property were situated, under a land contract upon which he had paid $100; $200, the balance of the purchase price, became due and was paid after the policy was issued. The improvements on the land were of greater value than the insurance. The policy was issued and remained in the hands of the agent until the land was paid for and a warranty deed obtained, which was in August, 1883. The plaintiff received the policy from the agent in October following. There was no written application made for insurance, and no representation made or question asked as to plaintiff's title or interest in the land or building; nothing was said upon that subject. The agent testified that he did not know what the plaintiff's title was in the land or that he held it under a contract of purchase. The plaintiff, however, testified that when he made application for insurance he showed the agent the contract, who took it to obtain a description of the land on which the insured building was situated; and, in answer to a question submitted, the jury found that such was the fact. It is plain, therefore, that the agent had the means of information as to plaintiff's interest in the realty before him, and it is almost incredible that he did not know what his title was. Under the circumstances the plaintiff cannot be justly charged with an omission to make known the fact that he held the land under a contract for the purchase thereof.

We do not dwell upon these facts, nor express any opinion as to how they would affect the liability of the company, providing it was made to appear that the plaintiff was not the sole and unconditional owner of the entire interest in the property within the meaning of the condition relied on. But if the plaintiff is held to the exact language of the condition, which it is perfectly clear he never saw until long after

the policy was issued, still the evidence shows that his interest in the property was an entire, unconditional, and sole ownership. He was the real owner of the property in equity and for all purposes of insurance. The condition does not relate to a legal title in fee simple, nor is that the interest described. An equitable title, if sole and unconditional, answers the description fully, and if the property was destroyed the entire loss would fall upon the plaintiff. There is no ground, therefore, for saying there was a misdescription of the nature of the plaintiff's interest in the property. If the company deemed it material that the state of the legal title should be described, it doubtless would have framed the language to call for that information. But it did not. The interest of the plaintiff satisfies the condition as we construe it, as he was in possession and was the sole equitable owner. In the absence of any specific inquiry by the insurers or express stipulation in the policy, no particular description of the nature of the insurable interest is necessary. *Strong v. Manufacturers' Ins. Co.* 10 Pick. 40; *King v. State Mut. F. Ins. Co.* 7 Cush. 13; *Springfield F. & M. Ins. Co. v. Allen*, 43 N. Y. 389. But the question before us seems to be settled by the adjudications. In *Hough v. City F. Ins. Co.* 29 Conn. 10, an applicant for insurance had described the property in a written application as "his house," and it was so described in the policy. The policy contained the condition "if the interest in the property to be insured is not absolute it must be so represented to the company and expressed in the policy in writing; otherwise the insurance shall be void." The legal title to the property was in another party, with whom the insured had, at the time of the application, made a parol contract for its purchase, for a price agreed upon, which the insured had agreed absolutely to pay, and a part of which he had paid, and the insured had entered into possession as purchaser and had made valuable improvements on the property.

Upon the claim of the insurance company, in a suit on the policy, that the insurance was void by reason of the omission of the insured to state in his application the condition of the title, the court charged the jury that the plaintiff was to be regarded as the owner of the property if he had the equitable title and his interest was such that the loss would fall on him if the property was destroyed. This charge was held to be correct, and that an absolute interest which is so completely vested in the party owning it that he could not be deprived of it without his consent, would satisfy the condition. In *Dolliver v. St. J. F. & M. Ins. Co.* 128 Mass. 315, a policy of insurance contained the same condition precisely as the one before us. The insured, at the time the policy was issued, was the owner in fee of the property insured, but had mortgaged it and also leased it for a term of years. The policy contained no statement of these incumbrances, still it was held that the policy was not thereby avoided. The court say: "The provision is in the body of the policy, and is inserted for the benefit of the insurer. It is to be construed strictly against it, and liberally in behalf of the assured. If, therefore, its terms can be satisfied by a construction which will save the policy and at the same time accord with the established rules of law, such construction must be adopted." There are numerous cases which hold that one who has an equitable interest in property may be described as the owner thereof. *Ætna F. Ins. Co. v. Tyler*, 16 Wend. 385; *Franklin F. Ins. Co. v. Martin*, 40 N. J. Law, 568; *Pelton v. Westchester F. Ins. Co.* 77 N. Y. 605; *Manhattan F. Ins. Co. v. Weill*, 28 Grat. 389; *Acer v. Merchants' Ins. Co.* 57 Barb. 68; *Farmers' M. F. Ins. Co. v. Fogelman*, 35 Mich. 482; *Dohn v. Farmers' J. S. Ins. Co.* 5 Lans. 275; *Millville F. M. Ins. Co. v. Wilgus*, 88 Pa. St. 107; *Martin v. State Ins. Co.* 44 N. J. Law, 486; *Insurance Co. v. Haven*, 95 U. S. 242.

In this case, the plaintiff, by the contract and its part

performance, had acquired an absolute vested interest in the property, which he could incumber, sell, and which would descend to his heirs. He was not in default in making payments, and was to all intents and purposes the sole owner. The condition in question speaks only of the nature of the interest insured, not of its extent or legal character. The plaintiff's interest fully answered the description in the condition. In *Hinman v. Hartford F. Ins. Co.* 36 Wis. 159, the assured made a written application in which he falsely represented his interest in the property. He was in default in his payments, and this court held that a representation that he was the sole and undisputed owner of the insured property was in the nature of a warranty, and, being untrue, avoided the policy. The case is distinguishable from the one at bar.

The learned counsel for the defendants called our attention to cases which decide that one who has merely an estate for life in premises cannot be regarded as the sole and absolute owner, within the meaning of a condition such as we are considering *(Davis v. Iowa S. Ins. Co.* 67 Iowa, 494; *Garver v. Hawkeye Ins. Co.* 69 Iowa, 202); or one who has but a lien for a debt, as in *Rohrback v. Germania Ins. Co.* 62 N. Y. 47; or a purchaser at an execution sale *(Reaper City Ins. Co. v. Brennan,* 58 Ill. 158); or a mortgagee in possession *(Southwick v. Atlantic F. & M. Ins. Co.* 133 Mass. 457; *Waller v. Northern Ass. Co.* 10 Fed. Rep. 232); or one who has only a leasehold interest *(Mers v. Franklin Ins. Co.* 68 Mo. 127). But these cases, it is obvious, are not in point here, where the insured was in no default in making payments, and was the equitable owner, having the right to enforce a specific performance of the contract and obtain the legal title outstanding in his vendor.

It follows from these views that there was no breach of the condition in question shown, and that the judgment must be affirmed.

*By the Court.*— Judgment affirmed.