DAVIS, Receiver, Appellant, vs. THE PIONEER FURNITURE COMPANY, Respondent.

*February 22 — March 14, 1899.*

*Fire insurance: Premium notes: Defenses of maker: Breaches of conditions: Use of prohibited article necessary in business: Unconditional and sole ownership.*

1. In an action upon a premium note given in consideration of a policy of insurance, the insured cannot defeat a recovery on the ground that conditions in the policy respecting the ownership of the premises and the use of benzine thereon had been broken, unless the breaches would have defeated a recovery on the policy in case of loss.

Davis vs. The Pioneer Furniture Co.

2. A policy insuring buildings as a furniture factory, though containing a condition avoiding it in case benzine be kept, used, or allowed on the premises, is not vitiated by such keeping and use of benzine on the premises as is customary and necessary in manufacturing furniture.

3. The owner of an estate in fee upon condition subsequent was in possession with no condition broken, and there had also been deposited in escrow an absolute deed in fee simple to be delivered upon performance of the condition. *Held*, that he was the sole and unconditional owner of the property within the meaning of a condition in a policy of insurance avoiding it in case the insured was not the sole and unconditional owner.

APPEAL from a judgment of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Reversed.*

The plaintiff sued, as receiver of the Oshkosh Mutual Fire Insurance Company, to recover on a premium note given by the defendant July 1, 1889. The defendant answered, alleging, in substance, that the note was void on account of a provision in the policy that the policy should be void if the defendant was not the sole and unconditional owner of property, or if there were kept, used, or allowed on the premises certain explosives, including benzine; that both of these conditions had been broken; and that the premium note was therefore without consideration.

It appeared on the trial that the insured buildings were a large furniture factory, and that the defendant's title at the time of the issuance of the policy consisted of a conditional deed, dated January 6, 1888, the conditions being that the defendant was to erect a furniture factory of a certain size, and to operate the same continuously for five years, with a certain number of workmen, or to pay the grantor $10,000, and, in case of default of both of these conditions, the property to revert to the grantor. An absolute deed was executed at the same time and placed in escrow under a written contract providing for its delivery at the end of five years in case all the conditions under the other deed were complied

with.   This absolute deed was afterwards delivered, in August, 1893.   The plaintiff was appointed receiver of the insurance company in November, 1889.   At all times during the continuance of the policy the defendant kept benzine on the premises for use in the manufacture of furniture.

At the close of the evidence the court, being of the opinion that the case only presented questions of law, directed a verdict for the plaintiff, subject to the opinion of the court, and afterwards, being of the opinion that the undisputed facts entitled the defendant to judgment, set aside the verdict and rendered judgment for the defendant.

For the appellant there was a brief by *Barbers & Beglinger*, and oral argument by *Fred Beglinger*.   They contended, *inter alia*, that only the insurer could take advantage of the alleged forfeitures.   *Miner v. Phœnix Ins. Co.* 27 Wis. 693; *Webster v. Phœnix Ins. Co.* 36 Wis. 67; *Viele v. Germania F. Ins. Co.* 26 Iowa, 9; *Gans v. St. Paul F. & M. Ins. Co.* 43 Wis. 108; *Appleton I. Co. v. British Am. Ass. Co.* 46 Wis. 33; *Cannon v. Home Ins. Co.* 53 Wis. 585; *Titus v. Glens Falls Ins. Co.* 81 N. Y. 410; *Renier v. Dwelling House Ins. Co.* 74 Wis. 89; *Rasmusen v. N. Y. L. Ins. Co.* 91 Wis. 81; *Schultz v. Caledonian Ins. Co.* 94 Wis. 42; *Osterloh v. New Denmark M. H. F. Ins. Co.* 60 Wis. 126; *Bourgeois v. Mut. F. Ins. Co.* 86 Wis. 402.   The printed part of the policy in this case must give way to that which is written, because the two are in conflict.   *Hall v. Ins. Co. of N. A.* 58 N. Y. 292; *Harper v. Albany M. Ins. Co.* 17 N. Y. 194; *Bryant v. Poughkeepsie M. Ins. Co.* 17 N. Y. 200; *Harper v. N. Y. C. Ins. Co.* 22 N. Y. 441; *Steinbach v. La Fayette F. Ins. Co.* 54 N. Y. 90; *Pindar v. Kings Co. F. Ins. Co.* 36 N. Y. 648; *Wall v. Howard Ins. Co.* 14 Barb. 383; *Moore v. Protection Ins. Co.* 29 Me. 97; *Niagara F. Ins. Co. v. DeGraff*, 12 Mich. 124; *Stout v. Commercial U. Ass. Co.* 11 Biss. 309; *Whitmarsh v. Conway F. Ins. Co.* 16 Gray, 359; *Archer v. Merchants' & M. Ins. Co.* 43 Mo. 434; *Citizens'*

*Ins. Co. v. McLaughlin,* 53 Pa. St. 485; *Girard F. & M. Ins. Co. v. Stephenson,* 37 Pa. St. 293.

For the respondent there was a brief by *Wickham & Farr,* and oral argument by *James Wickham.* They contended, *inter alia,* that the title of the insured was such that he could not have recovered in case of loss. *Gettelman v. Commercial U. Ass. Co.* 97 Wis. 237; *Wilcox v. Continental Ins. Co.* 85 Wis. 193; *McFetridge v. Phenix Ins. Co.* 84 Wis. 200; *Waller v. Northern Ass. Co.* 2 McCrary, 637; *Davis v. Iowa S. Ins. Co.* 67 Iowa, 494; *Dwelling House Ins. Co. v. Raynolds,* 41 Ill. App. 427; *Clay F. & M. Ins. Co. v. Huron S. & L. M. Co.* 31 Mich. 346; *McCormick v. Springfield F. & M. Ins. Co.* 66 Cal. 361; *Cuthbertson v. N. C. H. Ins. Co.* 96 N. C. 480; *Wineland v. Security Ins. Co.* 53 Md. 276.

Winslow, J.   If the defendant, in case of fire, could have recovered upon the policy of insurance, notwithstanding the use of benzine upon the premises and notwithstanding the condition of the title, then the defense to the note must fail.

As to the use of benzine upon the premises, there can be little doubt that the policy was not vitiated thereby. The property was a large furniture factory, known to be such, insured as such, and expected to be used as such. The evidence shows that there were a few barrels of benzine kept on the premises at all times; that it was used in finishing the furniture manufactured on the premises. There is nothing to show that any more was kept than was reasonably necessary to operate properly a factory of this capacity. In the case of *Faust v. Am. F. Ins. Co.* 91 Wis. 158, it was held that where a contract of insurance, by the written portion, covers property to be used in conducting a particular business, the keeping of an article necessarily used in such business will not avoid the policy, even though expressly prohibited in the printed conditions of the policy. That was a case where benzine

was kept for use in a furniture repair shop, and it was shown to be customarily and necessarily used in such business.

In the present case the burden was on the defendant to show that a condition of things existed which avoided the policy. This burden was not discharged by showing that benzine was used on the premises in manufacturing furniture in the usual and ordinary way, because the policy contemplated the manufacture of furniture and the use of such materials as are customarily used for such purpose; but it must further be shown that it was kept in unnecessarily large quantities, or for purposes not contemplated by the policy. Neither of these facts appears in the present case, and hence no breach of the condition was shown.

The defendant's title was an estate in fee upon condition subsequent. It was in possession with no condition broken, and if it performed the prescribed conditions as to operation of the factory for five years, or in lieu thereof paid the grantor $10,000 in money, then its conditional fee became a fee simple; but, if it failed in both particulars, the title reverted to the grantor. Furthermore, an absolute deed in fee simple of the property, running to the defendant, was held by the Chippewa Valley Bank, in escrow, under a written, sealed agreement, by the terms of which the same was to be delivered to the defendant upon performance of the conditions named in the first deed. The question is whether this constitutes an "unconditional and sole ownership," within the meaning of the policy. In *Johannes v. Standard Fire Office*, 70 Wis. 196, a person in possession of land under a contract of purchase, who was not in default, but had only paid part of the purchase money, was held to be the sole, equitable owner; and it was held that his title was sole and unconditional for all purposes of insurance. If such ownership satisfies the condition as to unconditional and sole ownership, it is difficult to see why the defendant's title here did not satisfy the condition. In addition to its deed

upon condition subsequent, it had, in effect, a land contract with the original owner, entitling it to an absolute deed in fee upon performance of the conditions or payment of $10,000; thus fulfilling all the conditions present in the *Johannes Case.* Furthermore, it appears on the face of the policy and of the application that the defendant's title was in some way made security for the performance of the conditions of a contract to employ a certain amount of labor for five years. It is true that it is stated that the contract is secured by a conditional mortgage on the property, and that this is not a correct description of the security; but the fact important for the insurer to know is that the defendant's title is in some effective way pledged or bound for the performance of the labor contract, and of that fact the insurer had knowledge, though the knowledge was inaccurate as to the exact form which the security took. Under these circumstances, we think the insurance company could not have defended against a claim for loss under the policy on the ground that defendant did not have the sole and unconditional ownership.

These are the only contentions made by the answer which are insisted on in this court; and it follows that judgment should have been rendered for the plaintiff upon the verdict. This case presented no material disputed questions of fact, but only questions of law; hence it was a proper case for the rendition of a verdict subject to the opinion of the court. Stats. 1898, sec. 2857. In such a case the only question is which party is entitled to final judgment upon the uncontroverted facts, without regard to the verdict. *Durant v. Abendroth,* 69 N. Y. 148. The court below should have directed judgment for the plaintiff.

*By the Court.*— Judgment reversed, and action remanded with directions to render judgment for the plaintiff for the amount demanded in the complaint.