THE INSURANCE COMPANY OF NORTH AMERICA, A CORPORA-
TION, AND THE FIRE ASSOCIATION OF PHILADELPHIA, A
CORPORATION, PLAINTIFFS IN ERROR, V. JOHN W. ERICK-
SON, DEFENDANT IN ERROR.

CITIZENS INSURANCE COMPANY OF MISSOURI, A CORPORA-
TION, PLAINTIFF IN ERROR, V. JOHN W. ERICKSON, DE-
FENDANT IN ERROR.

INSURANCE LAW—INTEREST OF ASSURED IN PROP-
ERTY, SOLE OWNERSHIP CLAUSE IN POLICIES—UN-
QUALIFIED CONTRACT FOR SALE OF PROPERTY DE-
STROYS SOLE OWNERSHIP—VIOLATES SOLE OWNER-
SHIP CLAUSE, AND VITIATES THE POLICY.

1.  The following provision in a policy of fire insurance is mate-
    rial, valid and binding on the parties to the contract:
    "This entire policy, unless otherwise provided by agree-
    ment indorsed hereon or added hereto shall be void  *  *
    *  if the interest of the insured be other than uncondi-
    tional and sole ownership."

2.  Where an assured, prior to taking out a policy of fire insur-
    ance on property, executes and delivers to a third party a
    bond for title or contract for the sale and conveyance of
    the property, whereby he unqualifiedly obligates and
    binds himself, his heirs, executors and administrators to
    convey said property in fee to such third party by good
    and sufficient deed free of all encumbrances upon the
    payment by such vendee of definitely fixed and specified
    sums of money at definitely fixed and specified
    dates, and whereby such third party vendee unqualifiedly
    binds and obligates himself, his heirs, executors, admin-
    istrators and assigns to pay such definitely fixed and
    agreed sums of money at the dates specified, such contract
    or bond for title renders the vendor no longer the sole
    and unconditional owner of the property, but converts him
    into a trustee holding the legal title in trust for the ven-

dee as security for the payment of the agreed purchase price, and unless such status towards the property be provided for by agreement between the insurer and insured duly indorsed on the policy of insurance or added thereto, such policy of insurance will be null and void if it contains the provision that: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto shall be void if the interest of the insured be other than unconditional and sole ownership."

3. The interest of a purchaser of property, which he has unqualifiedly agreed to buy and which the former owner has absolutely contracted to sell to him upon definite terms, is the sole and unconditional ownership within the true meaning of the ordinary clause upon that subject in insurance policies, because the vendor may compel the vendee to pay for the property and to suffer any loss that occurs."

This case was decided by Division B.

Writ of error to the Circuit Court for Dade County.

The facts in the case are stated in the opinion of the Court.

*A. W. Cockrell & Son* and *King, Spalding & Little,* for Plaintiff in Error.

*Geo. M. Robbins,* for Defendant in Error.

TAYLOR, J. The pleadings and issues in these two causes are substantially the same, and they were submitted here together on argument and what is said and decided herein in one of such causes applies as well to the other.

John W. Erickson the defendant in error brought two suits in the Circuit Court of Dade county against the re-

spective plaintiffs in error upon two policies of fire in-
surance, and recovered judgment in each case and the said
insurance companies bring the cases here for review by
writs of error.

Various errors are assigned upon rulings of the court
on the pleadings, but as what we shall say as to one of
these issues will effectually dispose of the two causes it
becomes unnecessary to notice any of the other  assign-
ments of error.

Both of the policies sued upon in the  two  respective
suits contained the following provision:

"This entire policy, unless otherwise provided by agree-
ment indorsed  hereon or added  hereto shall be  void
*   *   *   if the interest of the insured be other than un-
conditional and sole ownership."

On the 31st of August, 1904, by leave of the court, the
defendants in both cases interposed the following plea:
"That the alleged contract declared on is a policy of fire
insurance made a part of the declaration, and the same
as set forth provides that the entire policy unless other-
wise provided by agreement endorsed thereon or added
thereto shall be void if the interest of the assured be other
than unconditional and sole ownership.

And defendant further says that the said policy became
and was and is void, in that it was not otherwise provided
by agreement endorsed thereon or added to said policy,
that the interest of the insured in the property  insured
might be other than unconditional and sole ownership,
and yet so it was that the building described in said poli-
cy as the subject matter of insurance stood  upon, and
was in law, a part of the parcel of land hereinafter  de-
scribed, and that at the time of the making of said policy
of insurance the interest of the said plaintiff in said build-

ing was other than unconditional and sole ownership, in this, that the said plaintiff at the time of the issuing of said policy of insurance, and prior to the making of said policy, had contracted to sell the said property under and in pursuance of his certain written contract under seal, in the words and figures as follows: ARTICLES OF AGREEMENT, made this 12th day of March in the year of our Lord, One Thousand, Nine Hundred and Three, between John W. Erickson, of Dade county, Florida, party of the first part, and W. L. Burch, of Warren county, Kentucky, party of the second part.

. WITNESSETH: That if the said party of the second part shall first make the payments and perform the covenants hereinafter mentioned on his part to be made and performed, that the said party of the first part hereby covenants and agrees to convey and assure to the said party of the second part, in fee simple, clear of all incumbrances whatever by a good and sufficient deed, the lot, piece or parcel of ground situated in the county of Dade, State of Florida, known and described as follows, to-wit: The South one hundred feet of lot Eleven (11), Block one hundred and five (105) of the City of Miami according to a map on file in the office of Clerk of Circuit Court in and for said county made by A. L. Knowlton. C. E.

And the said party of the second part hereby covenants and agrees to pay to said party of the first part the sum of seven thousand dollars in the manner following: Four hundred dollars cash upon the signing of this contract, six hundred dollars on the first day of May, 1903, and six thousand dollars upon the delivery of the deed October the 1st, 1903. The said party of the first part retaining all the rents until the said October 1st, 1903.

And in case of the failure of the said party of the second part to make either of the payments or any part thereof, or to perform any of the covenants on his part hereby made and entered into, this contract shall, at the option of the party of the first part, be forfeited and terminated, and the party of the second part shall forfeit all payments made by him on this contract, and such payments shall be retained by the said party of the first part in full satisfaction and in liquidation of all damages by him sustained, and the said party of the first part shall have the right to re-enter and take possession of the premises aforesaid without being liable to any action therefor.

IT IS MUTUALLY AGREED, by and between the parties hereto, that the time of payment shall be an essential part of this contract and that all covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties.

IN WITNESS WHEREOF, the parties to these presents have hereunto set their hands and seals the day and year first above written.

Signed, sealed and delivered
in the presence of

Charles Parry                John W. Erickson (Seal.)
Joseph W. Homer.             W. L. Burch      (Seal.)

State of Florida }
County of Dade. }

Before me, the undersigned authority, on this day personally appeared John W. Erickson, to me well known to be the person described in and who executed the within and foregoing contract and acknowledged to me that he executed the same for the uses, purposes and consideration therein expressed.

IN TESTIMONY WHEREOF, witness my hand and seal in the City of Miami on this the ———— day of March, A. D. 1903.

Mitchell D. Price,<br>Notary Public State of Florida at Large.

And defendant further says that the provisions of said sale had been complied with by the said parties thereto up to and at the time of the making of the said policy, and continuously up to and at the time of the said alleged fire so alleged to have damaged said building, including the payment by said vendee, W. L. Burch, to the plaintiff of said installments of purchase money, to-wit: the aggregate sum of one thousand ($1,000.00) dollars.

That under and by virtue of the provisions of said written contract hereinbefore set forth, the interest of said insured was not that of unconditional and sole ownership, but his interest in said subject of insurance was conditioned as follows:

That he held said property conditioned to convey the same in fee simple, clear of all incumbrances, to W. L. Burch of Warren county, Kentucky, upon the payment by the said Burch of the sum of seven thousand dollars ($7,000.00), as prescribed in said contract, and the said Burch under said contract had the right to compel the said John W. Erickson, the insured, to comply with the terms and conditions of said contract, and to convey to him the said title upon the payment of the purchase price named therein.

That at the time of the happening of said fire the said W. L. Burch had paid to the said plaintiff the sum of one thousand ($1,000.00) dollars, and had an interest in the said property under his said contract of insurance, to-wit: the interest of a purchaser under a conditional con-

tract of purchase with a part of the purchase money, to-wit: one thousand ($1,000.00) dollars paid.

That after the making of said contract hereinbefore set forth, and at the time of the happening of said fire, the said assured held the said property subject in all respects to the terms and conditions of said contract, and his entire interest therein was to receive therefrom the said sum of six thousand ($6,000.00) dollars remaining unpaid on said purchase money, and but through the consent or voluntary default of the said W. L. Burch the said John W. Erickson had no other interest or ownership in said property, except to receive therefrom the sum of six thousand ($6,000.00) dollars; and held his said interest and ownership subject to the conditions set forth in said contract and to the interest of the said W. L. Burch, acquired by said contract and by the payment of one thousand ($1,000.00) dollars of purchase money thereunder."

The plaintiff demurred to this plea in both cases upon the grounds:

"(1) The contract of sale set up in the plea is a personal contract, and created no estate or interest in land.

(2) One does not cease to be the unconditional and sole owner of land by agreeing to convey it at a future date, the contractee not being let into possession.

(3) The insurable interest of Erickson remained the same as before the contract because the loss of the building would prevent delivery of the property contracted to be sold, and occasion a claim by the contractee for a reduction of the agreed price by the amount of the loss." The court below sustained this demurrer and this ruling is assaigned as error

The court below erred in this ruling. That such provisions in policies of fire insurance are material, valid and binding upon the parties is settled by the great weight of authority, and it is so recognized here in Scottish Union and National Insurance Co. v. Potty, 21 Fla. 399.

In the argument here it was contended for the defendant in error that the contract set up in this plea was nothing more than an *option* to the contractee Burch giving him the right to become the purchaser of the property covered by the policies at a future date, and that the execution of such option by Erickson the assured effected no change in his interest in the property or ownership thereof, and that consequently such policies of insurance, issued to him after the execution of such contract and while it was in full force, were not affected thereby.

Our construction of the contract of sale set up in this plea is entirely at variance with this contention. We think that this contract is a skillfully drawn and perfect bond for title, whereby Erickson solemnly and unqualifiedly bound himself, his heirs, executors, administrators and assigns to convey and assure the property in fee by a good and sufficient deed clear of all incumbrances to the vendee Burch upon the payment by the letter of definitely fixed and agreed sums of money at definitely fixed and agreed dates, and whereby the vendee Burch solemnly and unqualifiedly obligated himself, his heirs, executors, administrators and assigns to pay such definitely fixed and agreed sums at the dates specified. The instrument is under the seal of the respective parties and formally witnessed by two subscribing witnesses. It imposes upon the respective parties to it an entire mutuality of obligation. The vendee to pay the fixed sums of money at fixed

dates, upon compliance with which the vendor is obli-
gated to convey the property by unencumbered title. The
only *optional* feature contained in it is that the vendor
Erickson reserves the right, at his option or discretion,
of either enforcing the payment by the vendee Burch of
the agreed price of the land, or of rescinding the contract
and retaining as damages for its breach all sums already
paid in the event the vendee Burch should fail to make
the payments at the dates fixed. We think it is clear that
the contract set up in this plea is one that could be mu-
tually enforced in equity between the parties. The ven-
dor could enforce the payment by the vendee of the price
of the land therein definitely agreed to be paid, and, on
the other hand, the vendee, upon payment of the agreed
purchase price could enforce conveyance of the legal title
to himself. This optional feature of the contract gives to
the *vendor* Erickson the right to revoke and abandon the
contract of sale upon the failure of the vendee to comply
with his obligations thereunder, but does not give to the
vendee Burch the same option or right of abandonment,
but unqualifiedly obligates him to buy and pay the agreed
purchase price.

The execution and delivery of this contract of sale and
conveyance. rendered the *interest* of the vendor Erickson
in the land sold no longer that of sole and unconditional
ownership within the meaning of the quoted provision of
the policies of insurance sued upon, but on the contrary,
in the case of Phenix Ins. Co. of Brooklyn, N. Y. v. Kerr,
decided by the Circuit Court of Appeals of the Eighth Cir-
cuit, 129 Fed. Rep. 723, cited in the briefs of counsel for
the defendant in error, it is held that: "The interest of a
*purchaser* of property, which he has unqualifiedly agreed
to buy and which the former owner has absolutely con-

tracted to sell to him upon definite terms, is the sole and unconditional ownership within the true meaning of the ordinary clause upon that subject in insurance policies, because the vendor may compel the vendee to pay for the property and to suffer any loss that occurs."

Upon the execution and delivery of the contract of sale set up in the defendant's plea the vendor Erickson became the holder of the legal title in trust for his vendee Burch as security for the deferred purchase price due from the latter to the former, and the vendee Burch held the purchase price as trustee for his vendor. 2 Story's Eq. Juris. (13th ed.) Sec. 789. We do not think that the retention of possession of the land by the vendor Erickson makes any material difference in his *status* as owner so as to effect the question under discussion. He had the right to stipulate, as he did do, for the retention of possession until the purchase money was paid. but this did not render the transaction any the less an unqualified sale of the property on his part and purchase thereof by his vendee. This contract of sale and purchase having been entered into prior to the issuance of the policies of insurance sued upon, and being in full force and effect at the time they were issued, rendered the said policies void according to their express terms, and they cannot be recovered upon. Germond v. The Home Ins. Co., 2 Hun. 540; Savage v. Howard Ins. Co. 52 N. Y. 502; Phoenix Ins. Co. v. Public Parks Am. Co., 63 Ark. 187, 37 S. W. Rep. 959; Elliott v. Ashland Mut. Fire Ins. Co., 117 Pa. St., 548, 12 Atl. Rep. 676, S. C. 2 Am. St. Rep. 703; Gibb v. Phila. Fire Ins. Co., 59 Minn. 267, 61 N. W. Rep. 137; Sisk v. Citizens Ins. Co. of Evansville, 16 Ind. App. 565; Wood on Fire Insurance, Sec. 194; Matthews v. Capital Fire Ins. Co., 115 Wis. 272, 91 N. W. Rep. 675; Loventhal v. Home Ins. Co.,

112 Ala. 108. 20 South. Rep. 419, S. C. 57 Am. St. Rep. 17; Dupreau v. Hibernia Ins. Co., 76 Mich. 615, 43 N. W. Rep. 585; Penn Fire Ins. Co. v. Hughes, 47 C. C. A. 459, S. C. 108 Fed. Rep. 497; Abbott v. Shawmut Mut. Fire Ins. Co., 3 Allen 213; Davis v. Pioneer Furn. Co., 102 Wis. 394, 78 N. W. Rep. 596; The Millville Mut. Fire Ins. Co. v. Wilgus, 88 Pa. St., 107; Chandler v. Commerce Fire Ins. Co. of N. Y., 88 Pa. St. 223; Lewis v. New England Fire Ins. Co., 24 Blatchf. 181; Pelton v. Westchester Fire Ins. Co., 77 N. Y. 605.

The judgment of the court below in both of said causes is reversed with directions to overrule the demurrers therein of the plaintiff to the additional pleas of the defendants filed August 31st, 1904. The costs of these writs of error to be taxed against the defendant in error in both cases.

HOCKER and PARKHILL, JJ.. concur.

SHACKLEFORD, C. J., and WHITFIELD, J., concur in the opinion.

COCKRELL, J., disqualified.