CASE, Respondent, vs. MEANY, Appellant.

*January 17—February 13, 1917.*

*Fire insurance: Placing insurance in unlicensed company: Liability: "Sole and unconditional ownership" of premises insured: Land contract: Avoidance of policy.*

1. Under sec. 1919f, Stats., imposing a contingent liability upon any person who shall "solicit or place insurance" in a fire insurance company not authorized to do business in this state, one who so places insurance, even though he did not solicit it, is subject to such liability.
2. Where the insured was in possession under a land contract which would entitle him, on payment of a certain sum, to an absolute conveyance of the premises, and had paid the accruing interest, and nothing had been done to forfeit or lessen his rights, he was in such a position that the proceeds from the policy would belong to him and was the sole and unconditional owner of the premises within the meaning of the policy.
3. Where in such case there was no concealment or misrepresentation as to any facts concerning the title when the policy was issued, the policy could not be avoided by the insurance company.

APPEAL from a judgment of the circuit court for Marathon county: A. H. REID, Circuit Judge. *Affirmed.*

The appeal is from a judgment in favor of the plaintiff.

J. P. Thern & Co. owned certain premises in the city of New London with a grist mill and machinery thereon and upon which there were insurance policies to the extent of $3,500, one for $2,000 in the German Fire Underwriters and $1,500 in another company, neither of which companies was licensed to do business in Wisconsin. In October, 1914, the plaintiff acquired the property, mill, and machinery by a trade. He desired only $2,000 insurance, and by agreement with Thern & Co. arrangements were made through defendant, who was then acting for his son, who had procured the original $3,500 of insurance, by which the old policies were surrendered, premiums adjusted, and a new policy for $2,000 issued and delivered to plaintiff, he then paying the balance required on the premium. The arrangement for the change of the policies was made by defendant with a Chicago broker who represented these unlicensed companies.

A jury was waived, and the circuit court found that at the time the policy was issued and when the fire occurred the legal title was in one Henry Gorges, subject to an outstanding contract to convey upon payment of $1,200, and that such legal title was held solely as security for the payment of said $1,200. The court stated in his written decision that all accrued interest on the $1,200 has been paid and that no forfeiture of the contract has been declared nor foreclosure begun. He also found that plaintiff was entitled to a conveyance upon the payment of the $1,200 and that he was the sole and unconditional owner of the property. A further finding was to the effect that no misrepresentations were made or facts withheld or concealed by plaintiff concerning the title.

The court determined that defendant, having placed this insurance with an unlicensed insurance company, which

would have been liable but nevertheless refused to pay the loss, became liable under sec. 1919*f*, Stats., and ordered judgment accordingly, from which judgment defendant appeals.

The cause was submitted for the appellant on the brief of *Isaac Craite* and *Nash & Nash,* all of Manitowoc, and for the respondent on that of *Kreutzer, Bird, Okoneski & Puchner* of Wausau.

ESCHWEILER, J.    The part of sec. 1919*f*, Stats., which is material for consideration on this appeal is as follows:

"Any company or person who shall *solicit or place insurance* in a fire insurance company not authorized to do business in this state shall, in the event of the failure of such unauthorized company to pay any claim or loss within the policy issued, be liable to the insured for the amount thereof to the extent that such company would have been liable."

It is argued that in order to sustain liability under this law an insurance agent must be found to have both solicited and placed the insurance with such unauthorized company, and that where the evidence discloses that he did not solicit the insured to give the insurance, but merely placed such insurance at the request of the insured, the terms of the statute fixing liability have not been met.    In other words, that the phrase "solicit or place insurance" must be read "solicit *and* place insurance."

We are satisfied, however, that the statute is aimed to protect those who have had their insurance placed with an unauthorized company and who thereby suffer damage through nonpayment of the fire loss.    It was the act of the defendant to give this insurance to a company which did not comply with the requirements of the Wisconsin statutes regulating insurance companies, instead of placing it with some authorized company or refusing to place it at all, thereby avoiding this penalty.

It is further urged that the plaintiff was not the sole and unconditional owner of the premises in question. The record chain of title is not clear and satisfactory, but sufficient does appear to support the finding of the court that plaintiff was the holder by mesne conveyance of a land contract which would entitle him, on payment of $1,200, to an absolute conveyance of the same. He paid the accruing interest and nothing had been done to forfeit or lessen his rights. He was therefore in such a position that the proceeds from the policy would have belonged to him. *Johannes v. Standard Fire Office,* 70 Wis. 196, 35 N. W. 298; *Evans v. Crawford Co. F. Mut. F. Ins. Co.* 130 Wis. 189, 193, 109 N. W. 952.

The court below was satisfied, and there is ample evidence to sustain it, that there was no concealment or misrepresentations by plaintiff at the time of the issuing of the policy as to any facts about the title. The policy could not, therefore, have been avoided by the insurance company. *Vankirk v. Citizens' Ins. Co.* 79 Wis. 627, 48 N. W. 798; *Kludt v. German Mut. F. Ins. Co.* 152 Wis. 637, 644, 140 N. W. 321.

*By the Court.*—The judgment of the circuit court is affirmed.

Rosenberry, J., took no part.