FRIEDE, Respondent, vs. MERCURY INSURANCE COMPANY, Appellant.

*December 2, 1929—March 4, 1930.*

For the appellant there was a brief by *Grady, Farnsworth & Walker* of Portage, and oral argument by *Daniel H. Grady* of Portage and *C. G. Mathys* of Madison.

For the respondent there was a brief by *Mason & Priestley,* attorneys, and *Richard Rynders* of counsel, all of

Madison, and oral argument by *Mr. Rynders* and by *Mr. T. M. Priestley.*

The following opinion was filed January 7, 1930:

FRITZ, J. The policy involved in this action was issued to plaintiff at his request, and in his name as the insured, without indication or notation that he was not the sole and unconditional owner in fee simple of the property. The policy, which was issued on May 22, 1926, had the following provisions:

"This entire policy shall be void, unless otherwise provided by agreement in writing added hereto,

"(a) if the interest of the insured be other than unconditional and sole ownership; or

"(b) if the subject of insurance be a building on ground not owned by the insured in fee simple."

The evidence established, without contradiction, that at best the only interest which Friede ever had in the premises was by virtue of his being the successor in possession of one Riley, who on January 1, 1925, had executed a land contract in which no name as vendee had been inserted when it was executed by Riley, and which had never been signed by Friede or delivered to him. Riley had acquired by mesne assignments a vendee's interest in the property under a land contract executed on December 16, 1922, by the owners in fee. That contract provided for a purchase price of $4,633.10, of which $183 were to be paid upon execution of the contract, and $25 were to be paid monthly until September 15, 1925, at which time the entire unpaid balance became due. On the subject of the required payments the contract provided:

". . . If the said parties of the second part shall fail to make any of the payments of purchase money and interest above specified, at the times and in the manner above specified, . . . or violate any other terms or conditions herein contained, this agreement shall, at the option of the said parties of the first part, be henceforth utterly void with-

out any notice whatsoever, and all payments thereon forfeited, subject to be revived and renewed only by the act of the parties of the first part or the mutual agreement of both parties; and whenever such default or violation shall occur, the parties of the second part shall have no further right to collect rents from tenants, if any, of the said real estate, or any part thereof, but such rents shall be collected by and belong to the parties of the first part."

On September 15, 1925, there was due under the contract a balance of $2,975, which the parties liable failed to pay, excepting in so far as the payments of $25 per month were thereafter continued. By reason of that failure the vendee and his successors in interest, including the plaintiff, were in default when the plaintiff obtained the policy in suit on May 22, 1926, and he continued in default at all times thereafter, including December 31, 1927, when the fire occurred. There is no proof of any revival or renewal of the contract. Because of that default, Millard, as owner of the fee, on December 10, 1927, commenced foreclosure proceedings on the land contract of December 16, 1922.

On the trial a motion was made on behalf of the defendant for the direction of a verdict in its favor. The court denied that motion, and on the subject of plaintiff's title submitted to the jury, as one of the questions for special verdict, the issue of whether the plaintiff knowingly misrepresented or concealed from defendant's agent the nature of plaintiff's interest and title in the premises at the inception of the policy. The jury answered that question "No." However, in this action the invalidity of the policy because of lack of title or interest in the plaintiff does not depend upon his having knowingly misrepresented or concealed the nature of his interest or title. There was no condition or qualification in his policy that the provision that it "shall be void, unless otherwise provided by agreement in writing," if his interest "be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by

the insured in fee simple," was to be applicable only if the insured knowingly misrepresented or concealed the nature of his title.

As a matter of law, those requirements as to ownership and title are not satisfied when the insured's only interest is that of a vendee under a land contract and he is in default. In the case at bar, as in *Hinman v. Hartford Fire Ins. Co.* 36 Wis. 159, the plaintiff, as vendee, had failed to pay the purchase money and it was all past due. Consequently, in this case, as was held in the *Hinman Case,* the sole, unconditional, and entire ownership to the premises in fee simple was not in plaintiff as required by the policy, and "we should be greatly at a loss for sound reasons for holding the policy valid and the defendant liable for the loss," even though the insured did not knowingly or wilfully misrepresent the nature or extent of his interest. Although it has been held that when a vendee under a land contract, entitling him to a conveyance in fee upon his performance of the contract, is not in default, or has done nothing to forfeit or lessen his rights, then his interest is to be considered sufficient to satisfy the requirements as to sole and unconditional ownership in fee simple (*Johannes v. Standard Fire Office,* 70 Wis. 196, 35 N. W. 298; *Davis v. Pioneer F. Co.* 102 Wis. 394, 78 N. W. 596; *Evans v. Crawford County F. M. F. Ins. Co.* 130 Wis. 189, 109 N. W. 952; *Case v. Meany,* 165 Wis. 143, 161 N. W. 363), it is significant that in the cases applying or stating that rule the court expressly mentions the fact that the vendee was not in default.

For the reasons stated plaintiff's policy was void, and the defendant was entitled to a directed verdict dismissing the complaint.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing the complaint.

A motion for a rehearing was denied, with $25 costs, on March 4, 1930.