CARROLL, Judge.
The appellant filed this action against the appellee insurance company, for collection on a fire insurance policy. Summary judgment was entered in her favor for $975. Appealing therefrom she contends the recovery should have been for $4,000, the amount of the policy.
The premises involved was a residence. Prior to issuance of the insurance policy the plaintiff lost title thereto to the mortgagee, through a mortgage foreclosure, following which the latter entered into an oral contract for sale of the property to the plaintiff, conditioned upon her payment therefor in accordance with an agreed upon schedule for monthly payments. After having so contracted to purchase the property, plaintiff applied for and obtained the insurance in question, representing herself as the owner. A loss by fire occurred, after which the insurer sought to cancel the policy for alleged misrepresentation by the plaintiff as to ownership.
The matter was submitted to the court for judgment on the facts of the case, which the parties conceded were not in dispute. The court held the plaintiff was entitled to recover on the policy, but only for the value of her equity in the property *247 which the court determined was $975, the amount plaintiff had paid under the oral contract for sale. The appellee insurer cross-assigned as error the rejection by the trial court of its contention of invalidity of the policy for misrepresentation, and the granting of judgment for any amount due the plaintiff, contending plaintiff had no insurable interest.
For the reasons set out below we hold the court correctly ruled that the policy was valid and that the plaintiff had an insurable interest, and we find no error in the ruling of the trial court limiting the plaintiff’s recovery to $975.
When a contract has been made for the sale of improved property the risk of loss thereof (such as from fire) is upon the vendee, in the absence of an agreement by the parties that it shall be otherwise. By reason thereof, where there is a sale contract which is binding and enforceable, the vendee will be obligated to pay the purchase price provided for in the contract, notwithstanding the improvements should be damaged or lost by fire or otherwise. Being so obligated, the vendee is entitled to be regarded as the owner for the purpose of insurance, and has an insurable interest commensurate with the value of the improvements to be insured. See 18 Fla.Jur., Insurance, § 597 and § 598, citing Insurance Co. of North America v. Erickson, 50 Fla. 419, 39 So. 495.
Here, however, the plaintiff’s right as vendee was based on an oral contract. The contract not being enforceable against the plaintiff-vendee for the balance of the oral contract price, because within the statute of frauds, the trial court correctly determined that her insurable interest, for which the insurer was liable, did not exceed the amount she had paid under the oral contract.
Having concluded that the trial court reached a correct decision based on the law applicable to the facts of this case, we affirm the judgment.
Affirmed.