SLOAN, Respondent, vs. ROSE and another, imp., Appellants.

*December 16, 1898 — January 10, 1899.*

*Counties: Sale of land: Collateral attack: Counterclaim.*

1. In an action to quiet title, brought by one who holds title to land under a quitclaim deed from a county, made in pursuance of a resolution of the county board authorizing the clerk to sell all lands held by the county under sales for taxes, and receive payment in county orders, and providing that such sales be made to the former owner or owners only, for a certain time, against parties claiming under such former owners, the questions whether the county

Sloan vs. Rose and another.

board had power to sell for anything but cash, or to limit the class of persons to whom sales might be made for a given time, cannot be raised collaterally, the county not being a party.

2. Where, in an action to quiet title to land, the complaint sets forth plaintiff's title and also defendant's void title, a counterclaim in the answer setting up defendant's title is superfluous and unnecessary, and may be disregarded by the plaintiff.

APPEAL from a judgment of the circuit court for Douglas county: R. D. MARSHALL, Circuit Judge. *Affirmed.*

Action to quiet title. The complaint in substance alleged title in fee to certain lands in plaintiff; that they had always been vacant and unoccupied; that defendants claimed under the patent title, setting forth a history of it from the entry by Samuel Rose, in 1856; that September 5, 1871, a tax deed of the premises, in due form of law, was issued to David Quinn, which was duly recorded December 8, 1871; that subsequent to such record, by judicial proceedings under the statute on the subject, the former owners were duly foreclosed, and the tax-deed claimant decreed to be the absolute owner of the property under his tax deed; that August 6, 1877, the county of Douglas obtained a tax deed of the lands in due form of law, which was duly recorded on the following day, and the title so acquired, pursuant to a resolution of the county board, was duly conveyed to one Syer; and that his title was conveyed to, and vested in, the plaintiff, before the commencement of this action. There was a further allegation to the effect that the plaintiff claimed the benefit of the statute of limitations of this state barring former owners of tax-deed lands from questioning the validity of tax deeds after three years from the date of their record, specifying particularly the statutes relied upon.

Defendants answered, alleging the death of the entryman, Samuel Rose, in 1862, and claiming title in fee, either as heir or grantee of the heirs of Rose. Further answering, the defendants alleged various defects in the tax proceedings as to

both tax deeds, and denied that Douglas county conveyed its tax-deed claim after being acquired, other than by an instrument set forth in the answer, which, it was alleged, was insufficient to convey title.  Defendants also counterclaimed as owners of the Rose title, and prayed judgment quieting their title, and to this counterclaim there was no reply served.

On the trial of the action, the defendants moved for judgment on the pleadings, because there was no reply to the counterclaim, and they objected to the reception of any evidence on the same ground.  The court ruled against them, and thereupon considerable evidence was received showing defects in the tax-deed proceedings, and various exceptions to the reception of such evidence were made and overruled, showing that plaintiff insisted upon the statute of limitations as pleaded in the complaint.·

The cause was tried by a referee, who found as facts the issuance of a patent to Samuel Rose in 1860, and that the land was vacant from that time up to 1892, and that the Quinn tax deed was fair on its face, and that said deed and the foreclosure thereof in 1872, were substantially as alleged in the complaint, and that thereby the entryman, Samuel Rose, and all those claiming under him, including defendants, were barred from any claim in or to the lands; that there was no evidence of when Samuel Rose died; that the allegations of the complaint that the subsequent tax deed to Douglas county was fair on its face and properly executed and respecting said deed and the recording thereof and the conveyance of that title to plaintiff through one Syer, before the commencement of this action, pursuant to a resolution of the county board, were true.  As conclusions of law, the referee found that the Quinn tax deed extinguished the patent title, and that plaintiff was the owner in fee of the lands in question, and was entitled to a judgment quieting the title as prayed for in the complaint.

Sloan vs. Rose and another.

The findings of fact were duly excepted to, and thereafter such motions and rulings were made and exceptions taken as were necessary to preserve for review the questions treated in the opinion. The findings of the referee were confirmed by the court, and judgment was rendered for the plaintiff, and the defendants appealed.

The cause was submitted for the appellants on the brief of *J. S. White & F. M. White*, and for the respondent on that of *H. C. Sloan, in propria persona*.

Counsel for the appellants argued, *inter alia*, that the answer sets up a counterclaim showing a valid chain of title in defendants, and, there being no reply, they were entitled to judgment on their motion. *Eastman v. Linn*, 20 Minn. 433, 434; *Jarvis v. Peck*, 19 Wis. 74; *Grignon v. Black*, 76 id. 674, 683, 684; *Power v. Bowdle*, 3 N. Dak. 107. The plaintiff, claiming through a deed from Douglas county to his vendor, must allege and prove that deed to be valid. *Bemis v. Weege*, 67 Wis. 435–438. He only alleges that the deed was made "pursuant to a resolution" of the county board. The clerk's authority to make it must be shown and cannot be presumed even when recited in the deed. *Ward v. Necedah L. Co.* 70 Wis. 447, 448. The board had no authority to sell for anything but cash. County orders are not cash. *Smith v. Barron Co.* 44 Wis. 686–693; *Pelton v. Crawford Co.* 10 id. 69. Nor could they grant special privileges to former owners: *Chicago v. Rumpff*, 45 Ill. 96; *Tugman v. Chicago*, 78 id. 405; *De Ben v. Gerard*, 4 La. Ann. 31; *Whyte v. Nashville*, 32 Tenn. 220, 2 Swan, 364.

WINSLOW, J. There seems to be no good reason why this judgment should not be affirmed. The plaintiff claims title under a tax deed of lands which are now, and since 1860 have been, vacant and unoccupied. The deed was fair on its face, and was executed to Douglas county, August 6, 1877, and duly recorded on the following day. Under sec.

1188, R. S. 1878, as amended by sec. 2, ch. 309, Laws of 1880, the original owner was barred at the expiration of three years after the recording of the deed, and the deed could not be impeached by showing defects or irregularities in its issuance. *Hotson v. Wetherby*, 88 Wis. 324. The county executed a quitclaim deed of the premises to the plaintiff's grantor March 4, 1878, under a resolution of the county board passed at special meeting held January 28, 1878. This resolution reads as follows: "*Resolved*, that the clerk be, and he is hereby, authorized to sell and convey any or all property now held by the county under deeds executed in 1877, at the amount of taxes and costs charged against the respective lots, pieces, or parcels, payable in county orders; provided that such sale and conveyance be made to the former owner or owners only, until the 1st day of March, 1878, and thereafter to any person or persons desiring to purchase said property, or any part thereof." " Unanimously adopted."

It is argued that the resolution is void, because the county had no power to sell for anything but cash, nor to limit the class of people to whom sale should be made for a given time. These questions cannot be raised in this action. The defendants are in no situation here to call the county or its officials to account for illegal acts. The plaintiff's grantor paid the county the price fixed for the land, being the amount of taxes and costs due thereon, and received a duly executed deed; and this transaction has never been challenged in any action or proceeding brought for that purpose in any court. The county board had power to sell the county lands; and, if they have sold them irregularly or for a consideration not contemplated by the statute, the transaction cannot be said to be *ultra vires*, in the sense that it is *void* so that it may be attacked when it arises collaterally between third persons, as in the present case. There are actions provided, to which the county and its officials

must be parties, where such questions may properly be raised and litigated, but this is not one of those actions. So this objection falls to the ground.

The only other question raised in the appellants' brief which seems of sufficient importance to discuss is based upon an objection to evidence raised upon the trial. The defendants, after answering claiming title under Samuel Rose, attempted to plead the same title as a counterclaim, and demanded judgment quieting their title. No reply was served to this counterclaim, and the appellants claimed that they were entitled to judgment upon their counterclaim, because of the failure to reply. R. S. 1878, sec. 2662. This claim is entirely unfounded. The so-called counterclaim consisted simply of allegations setting up the title which was set forth in the complaint as void, and which constituted the cloud which the action was brought to remove. There was no propriety in attempting to plead it as a counterclaim. The complaint set forth the plaintiff's title, and the spurious title of the defendants under Rose, and the answer attacked the plaintiff's title and alleged facts tending to show the validity of the Rose title. The issue was then complete; the counterclaim added nothing to the controversy. The statute says (sec. 3186, R. S. 1878, as amended by ch. 88, Laws of 1893) that the defendant, if he do not disclaim, may answer any matter " in denial of the plaintiff's claim, title or possession, *or which, if proved, will establish his own*, and judgment shall be rendered according to the rights of the parties." The counterclaim was therefore superfluous and unnecessary. The whole matter was before the court in the allegations of the complaint and answer, without the counterclaim, and the plaintiff might well treat it as surplusage.

*By the Court.*— Judgment affirmed.

MARSHALL, J., took no part.