STATE EX REL. COYLE, Appellant, vs. RICHTER and others, Respondents.

*January 15—February 10, 1931.*

For the appellant there was a brief by *W. H. Stafford* and *Harold E. Stafford,* both of Chippewa Falls, and oral argument by *Harold E. Stafford.*

*P. J. Murphy,* city attorney, and *Alexander Wiley* of counsel, both of Chippewa Falls, for the respondents.

WICKHEM, J. The first attack upon this ordinance is that under sec. 66.01, Stats., it is required to be designated a charter ordinance, and that it is not so designated. We are satisfied that there is no merit to this contention. The words "charter ordinance" appear as a heading to the ordinance above its title, and we see no reason to conclude that that is not a sufficient designation.

It is also objected that there is no allegation in the petition or in the answer to the effect that the ordinance was recorded in a permanent book kept for that purpose, or that a certified copy was filed with the secretary of state, as required by sec. 66.01 (3). We do not regard this as a fatal defect in the petition for the reason stated by the learned trial judge. The duties of recording and filing are purely ministerial duties resting upon the defendant city clerk, and would be compellable in this action.

The case then resolves itself into the question whether sec. 2 of the charter ordinance is invalid. The proceedings to abandon the commission form of city government are governed by sec. 63.13, Stats., which reads as follows:

"(1) Any city which shall have adopted the provisions of this chapter may abandon the same and reorganize under the provisions of chapter 62 or 64, or under a home-rule charter by proceeding in accordance with the provisions of section 63.01.

"(2) The common council of any city which is first elected after such city abandons the commission plan of government shall fix the salaries of all city officers therein in the same manner as when a city is first incorporated."

Sec. 63.01, to which sec. 63.13 refers, provides that the proceedings may be either by enactment of a charter ordinance or by a petition and referendum election as provided by sec. 66.01, and that such petition and election shall be governed by subsections (2) to (5) of sec. 10.43. Sec. 66.01 and sec. 10.43 provide the machinery and method for reorganization and for exercise of the home-rule powers granted to cities under art. XI, sec. 3, of the constitution.

Sub. (4) of sec. 66.01 provides that "any city or village may elect in the manner prescribed in this section that the whole or any part of any laws relating to the local affairs and government of such city or village other than such enactments of the legislature of state-wide concern as shall with uniformity affect every city or every village shall not apply to such city or village, and thereupon such laws or parts thereof shall cease to be in effect in such city or village."

Sub. (2) (b) of the same section requires that "every charter ordinance which amends or repeals the whole or any part of a city or village charter shall designate specifically the portion of the charter so amended or repealed, and every charter ordinance which makes the election mentioned in subsection (4) of this section shall designate specifically each enactment of the legislature or portion thereof, made inapplicable to such city or village by the election mentioned in subsection (4) of this section."

Under ch. 63, which provides for the adoption of the commission plan, it is provided in sec. 63.04 that the election following the adoption shall be on the first Tuesday in April next succeeding the adoption. Under ch. 64 the same provision is made. Sec. 10.36 provides for the holding of regular city elections on the first Tuesday in April. Under sec. 62.06 of ch. 62, which is the general charter law, provision is made for a special election to constitute the first city election after the incorporation of the city. Prior to 1927, upon

the abandonment of the commission plan of government, cities operating under that plan automatically went back to their former laws, and provision was made that officers should be elected at the next regular city election. This provision was supplanted in 1927 by the present provision of sec. 63.13. There is no enactment in force at present definitely prescribing the time at which reorganization after abandonment of the commission plan shall become effective upon election of new officers, unless that plan is abandoned in favor of the city manager plan. The contentions of the relator appear to be in the alternative. It is his contention that if the ordinance amounts to a reorganization under the general charter law, then sec. 62.06 applies and authorizes a special election. If the charter constitutes an election to adopt, as a home-rule charter, all of the provisions of ch. 62 except that designated specifically in the ordinance, his contention is that under the powers granted by the home-rule amendment it was within the power of the city to set a special election, at least in the absence of any statutory enactment to the contrary, and that there being no specific enactment on the subject, there was no reason to designate in the ordinance the legislative enactments which were to be inoperative or inapplicable.

We do not find it necessary to decide whether this ordinance constituted a reorganization under ch. 62, or the adoption of the form of government prescribed by ch. 62 as a home-rule charter. In the event that ch. 62 should be amended at some future time, it may become necessary to determine this question in order to ascertain the effect of the amendment on the government of the city of Chippewa Falls. But, however this ordinance is construed, we regard sec. 2 of the charter ordinance as void. If this is a reorganization under ch. 62, we do not regard sec. 62.06 as applicable. Sec. 62.06 relates to the circumstances under which a district may become incorporated as a city. It provides the manner of incorporation, the powers of the city as organized, and

finally makes provision for its first city election. We think the section quite plainly has no application to the situation presented in the present case. If the charter ordinance in question constitutes ch. 62 as its home-rule charter, then it is even clearer that sec. 62.06 would not be applicable to the situation, for it has nothing to do with the government of the city of Chippewa Falls. In this situation, however, it is argued that the city, as a part of the exercise of its home-rule powers, may order a special election and set the time for holding it. Assuming that this contention is correct, we nevertheless conclude that sec. 2 of the charter ordinance is void. It is clear that the legislature has the power to enact provisions setting up the machinery of exercising home rule, and that the city is bound by these provisions. *State ex rel. Sleeman v. Baxter,* 195 Wis. 437, 219 N. W. 858. In sec. 66.01 the legislature has enacted, as a part of the method of exercising home rule, the requirement that home-rule charters shall designate all statutes intended to be inapplicable to the city. The portion of sec. 2 of the ordinance which calls for a special election on the second Tuesday after the passage of the ordinance fails to designate any provisions of the election laws thereby made inapplicable. For example, as is pointed out in the decision of the trial court, if the election should be held at this time there could be no compliance with sec. 5.06, requiring nomination papers to be filed twenty days before the city primary, or with sec. 5.26 (6), requiring nomination papers to be filed not less than fifteen days before election. This portion of sec. 2 may also be void for the reason that elections are matters of state-wide concern, and that the election laws affect with uniformity all cities of the state and are not subject to being set aside under an exercise of home-rule powers. However, it is not necessary to pass on this question.

This leaves one further provision of sec. 2 to consider. The special election is ordered to be held on the second Tuesday after the passage of the ordinance *or as soon there-*

*after as may be.* Again assuming the power of the city to make provision for a special election, we believe this provision also void. There is no officer under the statutes vested with the duty of calling a special election in this situation, and the provision of the charter ordinance imposes this duty specifically on no one. It is also fatally indefinite as to the time within which this election must be called.

Under these circumstances we think it clear that it is the statutory intent that the reorganization shall take place at the next regular city election. We are convinced that the disposition of this case by the learned trial judge was correct.

*By the Court.*—Judgment affirmed.