KUROWSKI and others, Respondents, vs. RETAIL HARD-WARE MUTUAL FIRE INSURANCE COMPANY OF MINNE-SOTA and others, Appellants.

*January 16—February 10, 1931.*

For the appellants there was a brief by *Fisher, Cashin & Reinholdt* of Stevens Point, and oral argument by *R. T. Reinholdt.*

For the respondents there was a brief by *Bird, Smith, Okoneski & Puchner* of Wausau, and oral argument by *Claire B. Bird.*

FOWLER, J. The rule that within the meaning of insurance policies one in possession of premises under a written land contract is an unconditional and sole owner and the owner of the premises in fee simple is too familiar to require citation of authorities to support it. With like reason one in possession under an oral contract so far executed as to entitle him to specific performance is such owner. It is agreed that the deed in evidence transferred a fee-simple title.

The defendants' claim as to the state of the title voiding the policy is that the partnership agreement carried out by erection of the building and doing business pursuant to it gave the son a half of the father's interest in the premises, and operated as a severance of the joint estate and made it an estate in common, so that the wife's half interest in common passed to her heirs on her death.

If the legal title to the lot had stood in the father at the time the partnership agreement was entered into, there would be no question that the agreement and the acts of the partnership pursuant to it made the partnership the owner of the property destroyed and vested the equitable title to the premises in the partnership. *Kyle v. Carpenter,* 130 Wis. 310, 110 N. W. 187; *Bartelt v. Smith,* 145 Wis. 31, 129

N. W. 782; *Richtman v. Watson,* 150 Wis. 385, 136 N. W. 797. Such ownership and equitable title would have constituted the partnership the unconditional and sole owner of the property insured and of the premises in fee simple.

The same result follows although the father did not have the sole legal title to the lot at the time the partnership agreement was entered into, if the sole legal title subsequently vested in him. If the father was not able to convey the sole legal title of the lot to the partnership when the agreement was made and he became able to convey it subsequently, he would be under the same obligation and compulsion to convey it when he did acquire it as if he had been able to do so in the first instance. If the sole legal title vested in the father subsequently, the partnership became the equitable owner and possessed of the equitable title. Thus if at the time the last policies were issued the sole legal title of the property originally held in joint tenancy had become vested in the father by survivorship upon the death of his wife, the calls of the policy are satisfied.

The legal title did vest in the father by survivorship unless the defendants' claim is valid that the partnership agreement and the acts pursuant to it operated as a severance of the husband's interest in the lot and constituted him and his wife tenants in common. We are unable to uphold this contention. The entire legal title to the property remained in the husband and wife up to the latter's death. Generally speaking, equity follows the law, and where equities are equal the legal title will prevail. If when equities are equal the legal title prevails, with stronger reason does it prevail where, as here, the equities are all on the side of its prevailing. It is true that, generally speaking, a transfer by a joint tenant of his interest constitutes a severance. It is also true that a contract by a joint tenant to transfer his interest may effect a severance in equity although it does not at law.

33 Corp. Jur. p. 908 and cases cited to note 14. But in the latter case the interest contracted to be transferred must be that of the joint tenant contracting, not that of his co-tenant or the property in entirety. Here the agreement of the father was not to transfer his interest to the partnership but the entire property. This he could not do except on the assumption that he was or contemplated becoming the sole owner. If he assumed he was the sole owner, as he probably did, there was no idea of severance. And if he had the state of the title in mind and its legal effect, which is a violent assumption in view of the apparent state of his knowledge and experience, he must have contemplated survivorship as the only contingency that alone would enable him to carry out his agreement. We are unable to perceive why in equity the agreement should be held to effect a severance when the circumstances all indicate that such effect could not have been intended or contemplated.

Apparently it was urged upon the court below that the plaintiffs were not the unconditional and sole owners of certain items of the destroyed stock of merchandise purchased by them on conditional sale contracts and that this voided the insurance on such merchandise. But as the point is not pressed here we do not consider it.

Other contentions are made by respondents in support of the judgment which we need not consider as we rest our decision upon the basis above stated.

*By the Court.*—The judgment is affirmed.