DE KEYSER, Respondent, vs. NATIONAL LIBERTY INSUR-
ANCE COMPANY OF AMERICA, Appellant.

*November 9—December 4, 1934.*

For the appellant the cause was submitted on the brief of
*Bird, Smith, Okoneski & Puchner* of Wausau.

For the respondent there was a brief by *Fischer & Brunner* of Shawano, and oral argument by *R. H. Fischer*.

NELSON, J. The plaintiff purchased certain premises on land contract in February, 1928. The premises consisted of a lot upon which there existed a dwelling-house and a barn. The purchase-price was $3,500. By the terms of the contract the plaintiff was required to pay $50 on March 1, 1928, and $50 on the first day of each month thereafter until the full contract price was paid. The plaintiff made all monthly payments pursuant to the terms of the contract up to and including October 1, 1929. On October 24, 1929, the defendant, through its local agent, issued to the plaintiff a policy which insured, for a period of three years, the dwelling-house and barn against loss or damage by fire. At that time the plaintiff had paid $1,000 on the contract. Between October 24, 1929, and March 23, 1932, when the dwelling-house was destroyed by fire, the plaintiff failed to make eleven monthly payments aggregating the sum of $550. At the time of the fire the plaintiff had paid $1,900 of the purchase-price. Nothing was done by the vendors to declare a forfeiture of the contract or even to demand that the plaintiff make good his defaults. The vendors accepted payments when made, apparently appreciating the situation which confronted the plaintiff, and which made it impossible for him to make timely payments on the contract. No question is raised as to the honesty of the fire. It is conceded that the sound value of the dwelling-house was more than the amount for which it was insured.

The policy contained the following provision in compliance with sec. 203.01 of the 1929 Statutes:

"This entire policy shall be void, unless otherwise provided by agreement in writing added hereto, (a) if the interest of the insured be other than unconditional and sole ownership; or (b) if the subject of insurance be a building on ground not owned by the insured in fee simple; or (c) if,

with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sales of any property insured hereunder by reason of any mortgage or trust deed; or (d) if any change, other than by the death of an insured, takes place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard); or (e) if this policy be assigned before a loss."

The defendant contends that the court erred in permitting the plaintiff to recover on the policy because the undisputed evidence shows that at the time of the fire the plaintiff was in default to the extent of $550.

The question for decision is whether defaults by a vendee in making payments under a land contract subsequent to the date of the policy and prior to the date of the fire render the policy void. The defendant contends that such defaults do render the policy void. The contention is based upon the following language:

"This entire policy shall be void, unless otherwise provided by agreement in writing added thereto, . . . (c) if any change other than by the death of an insured take place in the interest, title or possession of the subject of insurance."

The defendant argues that since a vendee, not in default under a land contract, is, under our law, a sole and unconditional owner, *Johannes v. Standard Fire Office,* 70 Wis. 196, 35 N. W. 298; *Davis v. Pioneer F. Co.* 102 Wis. 394, 78 N. W. 596; *Matthews v. Capital Fire Ins. Co.* 115 Wis. 272, 91 N. W. 675; *Wolf v. Theresa Village Mut. F. Ins. Co.* 115 Wis. 402, 91 N. W. 1014; *Evans v. Crawford County Farmers' M. F. Ins. Co.* 130 Wis. 189, 109 N. W. 952; *Case v. Meany,* 165 Wis. 143, 161 N. W. 363; *Kurowski v. Retail Hardware Mut. F. Ins. Co.* 203 Wis. 644, 234 N. W. 909, and since a vendee who is in default under a land contract at the time the policy is issued is not a sole and unconditional owner, *Hinman v. Hartford Fire Ins. Co.* 36 Wis. 159; *Friede v. Mercury Ins. Co.* 201 Wis. 65, 228

N. W. 749, it must follow that when the vendee defaults in his payments subsequent to the date of issuing the policy, he is no longer the unconditional and sole owner of the property, and therefore a change has taken place in "the interest, title or possession of the subject of insurance," which voids the policy. In our opinion the argument is not sound. The clause in our standard policy which provides that the entire policy shall be void unless otherwise provided by agreement in writing added thereto, "if the interest of the insured be other than unconditional and sole ownership," clearly relates to the status of the interest of the insured at the time that the policy is issued, not at the time of the fire. Such a provision has reference to the state of the title as of the date of the policy. *Libby Lumber Co. v. Pacific States F. Ins. Co.* 79 Mont. 166, 255 Pac. 340, 60 A. L. R. 1; *Collins v. London Assur. Corp.* 165 Pa. St. 298, 30 Atl. 924; *Insurance Company of North America v. O'Bannon,* 109 Tex. 281, 206 S. W. 814, 1 A. L. R. 1407. The defendant concedes that under the law of this state the plaintiff was the unconditional and sole owner of the premises in question at the time the policy was issued, but contends that thereafter there was a change in interest. That contention is based largely upon certain language found in *Friede v. Mercury Ins. Co., supra.* It was there said:

"As a matter of law, those requirements as to ownership and title are not satisfied when the insured's only interest is that of a vendee under a land contract and *he is in default.* . . . although it has been held that when a vendee under a land contract, entitling him to a conveyance in fee upon his performance of the contract, is not *in default,* or has done nothing to forfeit or lessen his rights, then his interest is to be considered sufficient to satisfy the requirements as to sole and unconditional ownership in fee simple [citing cases], it is significant that in the cases applying or stating that rule the court expressly mentions the fact that the vendee was not in default."

In the *Friede Case* the plaintiff asserted the right to recover on a policy issued to him as vendee under a land contract which had neither been assigned nor delivered to him. At the time the insurance was effected, the vendee was wholly in default as to all of the contract payments, and foreclosure of the contract had theretofore been commenced. That was the situation to which the language of the opinion applied. Friede was wholly in default at the time the policy was issued, and a foreclosure of the contract had been declared by the commencement of an action to foreclose it. It was not intended to hold that a default by a vendee unaccompanied by a forfeiture of the contract by the vendor would destroy the unconditional and sole ownership of the vendee so as to render a policy of insurance void. It would indeed be a harsh rule that would permit an insurance company successfully to defend in an action on an insurance policy by simply showing that the insured, at the time the policy was issued, was in default in respect to one or more payments under the contract, upon which default no forfeiture had been declared or sought. The decision in the *Friede Case* perhaps attached too much importance to the holding in *Hinman ·v. Hartford Fire Ins. Co., supra.* Much of the language found in that opinion is quite out of harmony with the subsequent decisions of this court. The general rule now prevailing, with which the court is in accord, is thus stated by the author of the annotation to *Libby Lumber Co. v. Pacific States F. Ins. Co., supra* (60 A. L. R. p. 12) :

"The interest of one in possession of real property as vendee thereof under a valid and subsisting executory contract of purchase (or bond for title) is, notwithstanding his lack of the legal title, generally regarded as that of 'unconditional and sole ownership,' or the equivalent thereof, within the meaning of condition in insurance policy requiring insured's interest and ownership, unless otherwise agreed, etc., to be of that character."

Whether a default by a vendee subsequent to the date of the policy operates to effect a change in the interest, title, or possession of the subject of the insurance has not been decided by this court or by any other court so far as we have been able to discover. In *Evans v. Crawford County Farmers' M. F. Ins. Co., supra,* the plaintiff vendee was permitted to recover on a policy although he was in default as to interest and taxes at the time of the fire. However, the particular argument now made was not considered in that action. The *Friede Case* was correctly decided, but the language respecting defaults of vendees was too broad when applied to situations other than that which appeared in that action. Mere defaults of the vendee upon which no forfeiture is declared by the vendor should not void a policy on the ground that unconditional and sole ownership of the premises does not exist. Defaults of the vendee occurring subsequently to the date of a policy should not, in our opinion, be held to effect a change in the interest, title, or possession of the subject of insurance in the absence of a complete forfeiture of the contract, assignment thereof by the insured vendee, or acts by the vendee amounting to a surrender of his rights under the contract. Compare *Korntved v. American Ins. Co., ante,* p. 470, 257 N. W. 670. In the present action wherein it appears that no forfeiture was declared by the vendors, that the vendors apparently felt no concern because of the failure of the plaintiff to meet his payments (he having paid $1,900 on the contract), it must be held that no change had taken place in the plaintiff's interest, title, or possession of the subject of the insurance.

*By the Court.*—Judgment affirmed.