MILLER, Respondent, vs. YORKSHIRE INSURANCE COMPANY, Appellant.

*March 13—April 15, 1941.*

The cause was submitted for the appellant on the brief of *Everson, Ryan & Hanaway* of Green Bay, and for the respondent on that of *Kaftan, Rahr & Kaftan* of Green Bay.

ROSENBERRY, C. J.  The following facts appear without dispute: One David Miller died intestate on December 9, 1929.  He left surviving his widow, Mary Miller, and seven children, including one Herman Miller, the husband of the plaintiff.  He left a homestead which his widow continued to occupy.  On June 9, 1931, the property was sold by the county treasurer of Brown county to one E. A. Neufeld for the unpaid taxes for 1930, amounting to $204.90.  On June 15, 1932, Herman Miller, who owned an undivided one-seventh interest as a tenant in common, entered into joint possession of the premises with the widow, she continuing to occupy them as a homestead, he using a part of the premises upon which to conduct a metal and junk business.  Thereafter Herman Miller purchased the outstanding tax certificate from E. A. Neufeld.  He thereupon assigned it to his wife, Fannie Miller, who shortly prior to July 11, 1936, applied for a tax deed, which was issued to her on that day.  In applying for this tax deed Herman Miller made affidavit that he had served notice of application for tax deed upon Mary Miller as a person in possession of said premises, but in fact no such notice was served on her or any of the other heirs of the deceased.  On February 12, 1937, shortly after the issuance of the tax deed, the heirs of David Miller commenced an action against the present plaintiff.  This action was still pending and untried on April 13, 1938, when the plaintiff obtained the insurance policy here involved; the defendant never having been notified of the pending suit attacking

plaintiff's title, had no knowledge of it until after the fire occurred on January 2, 1940, when an investigation of the loss disclosed the facts. The defendant insurer promptly denied liability on the ground that the conditions of the policy respecting sole and unconditional ownership by the insured had been breached and offered to return the premium which it had received.

The suit brought by the David Miller heirs against the plaintiff in this action was thereafter settled and judgment was entered on April 27, 1940, upon stipulation of the parties. By the terms of this judgment the plaintiff in this action was required to execute a quitclaim deed to the premises here involved running to the heirs of David Miller, deceased, upon payment to her of the amount which she had previously paid out for taxes on the premises.

The question for decision is whether the title of the plaintiff at the time of the issuance of the policy (*De Keyser v. National Liberty Ins. Co.* (1934) 216 Wis. 566, 257 N. W. 673) was such as to make her a sole and unconditional owner. The policy provided:

"This entire policy shall be void, unless otherwise provided by agreement in writing added hereto,—(a) if the interest of the insured be other than *unconditional and sole ownership.*"

It is conceded that the tax deed under which the plaintiff in this action claimed title was open to successful attack by the heirs of David Miller; that an action had been begun by them and was pending at the time the policy was issued, but that judgment had not been entered avoiding the plaintiff's title at the time the fire occurred for which loss is claimed. It appears that the tax deed under which the plaintiff claimed was fair upon its face and purported to convey and did convey an absolute estate in fee simple of the property described therein. Sec. 75.14 (1), Stats.

It clearly appears that the defendant has no interest in the property which would enable it to attack plaintiff's title. Plaintiff's title could be assailed only by some person who had an interest in the property and by a direct action for that purpose. See *Cole v. Van Ostrand* (1907), 131 Wis. 454, 110 N. W. 884; *Sloan v. Rose* (1899), 101 Wis. 523, 77 N. W. 895.

This court has held that one in possession of insured premises under a written land contract or an oral contract so far executed as to entitle him to specific performance is, as the holder of the equitable title, the "unconditional and sole owner" and "owner in fee simple" of the premises within the meaning of the standard form policy. *Kurowski v. Retail Hardware Mut. F. Ins. Co.* (1931) 203 Wis. 644, 234 N. W. 909.

It has also been held that the title of a mortgagor after foreclosure and during the period of redemption is that of an "unconditional and sole ownership" within the meaning of the standard fire insurance policy. *Koch v. Transcontinental Ins. Co.* (1936) 223 Wis. 105, 269 N. W. 539. So with reference to the title of a vendee under a land contract, *De Keyser v. National Liberty Ins. Co.* (1934) 216 Wis. 566, 257 N. W. 673. See also *Roberts v. American Alliance Ins. Co.* (1937) 212 N. C. 1, 192 S. E. 873, 113 A. L. R: 310; 26 C. J., Fire Ins., p. 172, § 209, note c.

All conditions annexed to estates are either precedent or subsequent. A condition precedent must take place before an estate can vest or be enlarged. That can have no application under the facts of this case. Conditions subsequent are those which operate on an estate conveyed or devised and render it liable to be defeated for breach of the condition. Both conditions, precedent and subsequent, must be expressed in the grant or devise creating the estate. See 19 Am. Jur., Estates, p. 520, § 58. An estate is unconditional when the quality of the estate is not limited or affected by any condition.

An "unconditional ownership" is an ownership of an estate without condition, and the word "condition," as used in the standard fire insurance policy, does not refer to a situation such as is presented by the facts in this case. Plaintiff's title was defective, not conditional.

Although the title of the insured may be fatally defective, if no condition is annexed to his title and no one shares the title with him, he is a sole and unconditional owner within the meaning of that clause of the standard fire insurance policy. It is true that in this case the plaintiff was required, upon stipulation of the parties, to surrender her title by quitclaim deed in consideration of which she received the amount which she had disbursed for taxes, but this did not have the effect of making her ownership conditional. At the time of the fire, as well as at the time the policy was issued, plaintiff was an "unconditional and sole owner" of the premises. No one shared the ownership with her and her ownership was subject to no condition.

*By the Court.*—Judgment affirmed.