WILLARD ANDERSON, APPELLEE, v. CLAY COUNTY MUTUAL INSURANCE COMPANY, APPELLANT.

16 N. W. 2d 481

FILED NOVEMBER 24, 1944. No. 31825.

*D. B. Massie* and *Robert B. Waring,* for appellant.

*John E. Ray* and *August C. Krebs, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER and WENKE, JJ.

YEAGER, J.

This is a suit at law in two causes of action by Willard Anderson, plaintiff and appellee, against Clay County Mutual Insurance Company, defendant and appellant. The first cause of action is for the value of personal property destroyed and damaged by fire, which personal property was insured by a policy of insurance issued to plaintiff by the defendant company. The second is for destruction and damage to buildings situated on real estate, the title to which was in plaintiff, occasioned by the same fire that destroyed the personal property. The buildings were also insured by the defendant company.

The action was tried to a jury. At the conclusion of the evidence a verdict was directed in favor of plaintiff on the two causes of action for $1,509.55. Verdict was accordingly returned and judgment was entered thereon. It is from this verdict and judgment that the defendant has appealed.

The appellant makes no contention on appeal that the amount of the verdict and judgment exceeds the value of the property destroyed. Its contention, as disclosed by the assignments of error and the discussion thereof, is that plaintiff is not entitled to recover against the defendant for the loss.

The first contention, which applies to both policies of insurance, is that plaintiff, in making his proofs of loss, in violation of the terms of the policy, failed and refused to disclose the origin or cause of the fire which caused the loss.

Assuming that in a proper case such failure or refusal would operate to avoid a right of recovery on a fire insurance policy, that assumption would avail nothing here. The record discloses that plaintiff did not know the origin of the fire at the time he made his proofs and he so stated. An eight-year-old child of plaintiff at one time said that he had not, and at another time that he had, set the fire. This was the only information in possession of plaintiff as to its cause or origin at the time proofs of loss were made. On this plaintiff cannot be charged with giving false, or withholding correct, information.

The other substantial contention of defendant is that by the terms of the policy plaintiff was entitled to recover for the buildings only if he was the sole and unconditional owner of the real estate, whereas he was not such sole and unconditional owner.

The facts are that the real estate in question was conveyed by Peter Hergenrother to plaintiff by warranty deed on March 21, 1941; that the insurance policy was issued to plaintiff under date of March 25, 1941; that the fire occurred July 28, 1941; that on March 28, 1941, a petition was filed in the county court of Clay county, Nebraska, asking for the appointment of a guardian for Peter Hergenrother, the grantor in the deed to plaintiff, on the ground that he was incompetent; that on April 12, 1941, a guardian was appointed; that on April 22, 1941, the guardian so appointed brought an action in the district court to set aside the deed of Hergenrother to plaintiff on the ground that Hergenrother was incompetent at the time the deed was executed; this action apparently was never tried; that on August 16, 1941, plaintiff and his wife reconveyed the real estate to Peter Hergenrother by warranty deed.

Upon these facts the defendant relies to sustain its contention that at the time of the application for and the issuance of the insurance policy plaintiff was not the owner of the real estate. The contention is without merit.

Under the undisputed evidence he was the sole and fee simple holder of the title to the real estate when the insurance policy was issued and so remained until the reconveyance thereof to Peter Hergenrother on August 16, 1941, and as such and within the meaning of the insurance policy was the sole and unconditional owner. This would be true even if the record disclosed that the title was subject to avoidance on account of defect therein but not rendering the deed absolutely void.

The case of *Miller v. Yorkshire Ins. Co.*, 237 Wis. 551, 297 N. W. 377, 133 A. L. R. 1341, is closely in point here on both facts and law. In that case Fannie Miller, in an application for fire insurance, represented, as plaintiff did

here, that she was the sole and unconditional owner of certain real estate. Prior even to the application for insurance, action had been instituted to invalidate the deed. It was conceded that the title of Fannie Miller was open to successful attack by parties interested in the real estate. The court held under those facts that within the meaning of fire insurance contracts Fannie Miller was the sole and unconditional owner of the real estate. In the opinion it is stated: "Although the title of the insured may be fatally defective, if no condition is annexed to his title and no one shares the title with him, he is a sole and unconditional owner within the meaning of that clause of the standard fire insurance policy. * * * No one shared the ownership with her and her ownership was subject to no condition."

Another case in point is *National Union Fire Ins. Co. v. Short,* 32 Fed. 2d 631, 64 A. L. R. 753. In this case I. W. Short transferred his interest in real estate to his wife. The wife obtained fire insurance on an application wherein she claimed to be the sole and unconditional owner of the real estate. There was a fire loss but before the fire a trustee in bankruptcy brought suit to set aside the deed on the ground that it was in fraud of creditors. Judgment was rendered setting aside the deed at the instance of the trustee. The court said: "There was no other or outstanding *title* except as possessed by her. There was no other *owner* in whole or in part."

To like effect, but lacking the clarity of statement of *Miller v. Yorkshire Ins. Co., supra,* and *National Union Fire Ins. Co. v. Short, supra,* are the following cases from this jurisdiction: *German Ins. Co. v. Hyman,* 34 Neb. 704, 52 N. W. 401; *Rochester Loan & Banking Co. v. Liberty Ins. Co.,* 44 Neb. 537, 62 N. W. 877.

The judgment of the district court is correct and is affirmed.

AFFIRMED.

CHAPPELL, J., participating on briefs.